UNITED STATES of America,
Plaintiff-Appellee,

v.

Craig Paul ROMERO,
Defendant-Appellant.

No. 78–1779.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 19, 1979.

Decided Aug. 2, 1979.

Timothy Paridon, Belleville, Ill., for defendant-appellant.

James R. Burgess, U. S. Atty., Robert L. Simpkins, Asst. U. S. Atty., East St. Louis, Ill., for plaintiff-appellee.

Before SWYGERT and CUMMINGS, Circuit Judges, and CROWLEY, District Judge.[1]

PER CURIAM.

The question in this appeal is whether the district court committed error by permitting the Government to prove that the defendant had been convicted of more than one prior felony under a charge that the defendant had possessed a firearm in violation of 18 App. U.S.C. § 1202(a)(1).[2] We hold that the district judge did commit error but that under the circumstances of this case, the error was harmless. *Chapman v. State of California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed. 705 (1967).

On November 8, 1977 Fred Donini, a special agent of the Illinois Division of Investigation, and an informant, Frank Crockett, drove to Cahokia, Illinois, and went to the trailer residence of defendant Craig Paul Romero, where they found Romero in his front yard. Donini and Crockett accompanied Romero inside the trailer.

The purpose of the visit to Romero's residence was to purchase a firearm. Crockett told Romero that he and Donini had just

---

1. The Honorable John Powers Crowley, United States District Judge for the Northern District of Illinois, sitting by designation.

2. 18 App. U.S.C. § 1202(a)(1) reads in pertinent part:

    Any person who—
    (1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony,

\*    \*    \*    \*    \*    \*

and who receives, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

come from California where they had engaged in various burglaries and armed robberies. Crockett told Romero that he wanted to purchase a weapon and asked Romero if he had any guns. Romero then asked if a nine-millimeter-weapon would suit their purpose. Romero opened a chest of drawers and pulled out a brown paper bag which contained a 32-caliber revolver. Romero handed the revolver to Crockett who unloaded the weapon and examined it. Crockett paid Romero $50.00 for the revolver. (The 32-caliber revolver which Crockett and Donini purchased from Romero had previously been shipped in interstate commerce from Florida to California, and from California to Cahokia, Illinois.)

The Government introduced evidence that Romero had been convicted of felony-burglary in 1967 in Illinois and that he had been convicted of a felony-theft in 1973. Over objection, the Government also was permitted to show that in 1973 Romero had been convicted of a felony in the Eastern District of Illinois for dealing in firearms without a license and for the transfer of a firearm to a resident of another state.

The Government contends that 18 U.S.C. App. § 1202(a)(1) permits proof of more than one prior felony conviction for jurisdictional purposes. We disagree. The statute speaks of "a" prior conviction, not one or more. The Government cites *United States v. Burkhart*, 545 F.2d 14 (6th Cir. 1976), and *United States v. Smith*, 520 F.2d 544 (8th Cir. 1975), to support its position. Both the Eighth and Sixth Circuits held in these cases that the Government was not limited to establishing only one prior conviction. In *United States v. Barfield*, 527 F.2d 858 (5th Cir. 1976), however, the court assumed arguendo that "the Government may prove only one [prior] conviction under normal circumstances," ultimately holding that a curative instruction erased the error.

With deference to the holdings of the Eighth and Sixth Circuits, we adopt a different view. In those opinions the courts offered no explanation why the Government needed to establish more than one prior conviction. We think there is no such

need. In *Barfield,* the Government argued that if the conviction used as proof in the gun prosecution later was vacated, then the gun conviction also could be overturned on a habeas corpus attack. Not only is this eventuality remote, but the Fifth Circuit also correctly pointed out that when a defendant stipulates to "a prior conviction" the Government's gun conviction would not be based on any single prior conviction; thus the invalidation of a prior conviction would not invalidate the gun conviction so long as one valid, prior conviction remained. *Barfield, supra* at 861. There is, of course, the distinction to be drawn from the use of a prior conviction which is *void, United States v. Lufman,* 457 F.2d 165 (7th Cir., 1972) and one which is *voidable, United States v. Liles,* 432 F.2d 18 (7th Cir., 1970). The United States Attorney can easily avoid these problems by careful pre-trial preparation.

At oral argument in this case, Government counsel suggested that identity problems could arise: a defendant might deny that he was the person named in the prior conviction offered by the government. If, however, a defendant in a gun prosecution did not object immediately to a prior conviction offered by the government against him, it is unlikely that he would assert later that he was not the person identified in the prior conviction. If eventually he did make such an objection, its validity would be suspect and its persuasive impact on a court minimal. Thus, we can see no justification for offering more than a prior conviction into evidence; the introduction of multiple convictions can only encourage the conviction of a defendant because he was a "bad man". *Barfield, supra* at 861.

In the instant case the jury was waived and there was a bench trial. We are unable to say on the basis of this record that the trial judge was influenced by the improperly admitted evidence. It must be presumed that he disregarded the prejudicial effect of the multiple convictions in reaching his decision of guilty.

We hold, however, that henceforth and under normal circumstances the Govern-

ment shall not be permitted to prove more than one prior felony conviction under the statute regardless of whether or not a jury is waived. The introduction into evidence of more than one prior felony conviction can only be prejudicial to the defendant and serves no jurisdictional purpose.

The evidence was sufficient to permit a finding of guilty beyond a reasonable doubt. The judgment of conviction is affirmed.