**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Charles KING, Defendant–Appellant.**

**No. 87–1969.**

United States Court of Appeals,
Seventh Circuit.

Argues Nov. 28, 1989.

Decided March 21, 1990.

Donna B. More, Anton R. Valukas, U.S. Atty., David J. Stetler, James R. Ferguson, Victoria J. Peters, Asst. U.S. Attys., Office of the U.S. Atty., Criminal Receiving, Appellate Div., Chicago, Ill., for U.S.

Jerry B. Kurz, Kathryn Hall, Hall & Kurz, Chicago, Ill., for Charles King.

Before WOOD, Jr., RIPPLE, and MANION, Circuit Judges.

MANION, Circuit Judge.

Charles King appeals his conviction for violating 18 U.S.C.App. § 1202(a)(1), which prohibits felons from possessing firearms. King seeks a new trial based on the improper admission of prejudicial evidence. While we agree the district court committed error, we find the error harmless and therefore affirm.

## I.  BACKGROUND

On January 28, 1985, two undercover police officers in an unmarked squad car were patrolling a high-crime area of Chicago on the lookout for any narcotics activity or violent crime.  The officers saw Charles King, whom they knew by sight, walking on the other side of the street, and pulled over to question him about an incident involving gunfire that occurred early that morning in a nearby bar.

King's hands were in his pockets.  One of the officers, who was acquainted with King, called out to him.  King turned and looked at the officer, then ran toward the entrance to a bar.  The officers chased King on foot, and observed him remove a gun from his left-hand pocket just before entering the bar.

The officers followed King into the bar; both saw him discard the gun near a table. The bar owner, who also knew King, exchanged greetings with King while the owner's back was turned. The owner turned around in time to see the officers enter seconds later. He watched the officers frisk King, then noticed the gun lying on a chair near the front table. One of the officers retrieved the gun, a loaded .25 caliber automatic. The owner had never seen the gun before. The bar had just opened, and no other patrons had been in yet that day.

King was indicted for possessing a firearm while having three prior felony convictions, in violation of 18 U.S.C.App. § 1202(a)(1). Before trial, King filed motions in limine seeking to prevent the jury from learning King had three prior felonies, and from learning the nature of those felonies, by stipulating to "a previous felony conviction." The court refused both motions, concluding that the three prior felonies were an element of the offense.

At trial the government introduced evidence of King's stipulation to the three prior felonies. King requested that introduction of this evidence be followed by a limited instruction warning the jury not to consider King's prior convictions as evidence of his bad character. The limiting instruction was refused after the government assured the court that the previous convictions would only be discussed as an element of the government's burden of proof, and not as evidence of King's bad character.

King submitted a proposed jury instruction that would have told the jury to not consider the prior felony convictions in determining whether King possessed the gun. The government argued that this instruction might confuse the jury. According to the government, prior felony convictions were an element of the offense that the government had to prove, yet King's proposed instruction seemed to be telling the jury to ignore those convictions. The district court agreed and rejected the instruction, again with the government's assurance that no argument would be made imputing bad character to King because of the convictions.

King was convicted and sentenced to 15 years in prison and fined $50. He appeals the district court's decision to allow his three prior convictions into evidence, its refusal to offer a limiting instruction, its rejection of his proposed jury instruction, and certain evidentiary rulings. King argues that these errors were extremely prejudicial and warrant a new trial. The government concedes error in proving the three prior convictions, but contends the error was harmless.

## II. DISCUSSION

### A. Evidence of Three Prior Convictions

█ The government admits it was error to include King's three prior convictions—one for burglary and two for robbery—in the indictment read to the jury. The government also concedes error in introducing evidence in the form of a stipulation that King had been convicted of felonies on three prior occasions. Evidence of one conviction was sufficient because King was willing to stipulate to that element of the offense.[1] We have stressed on several recent occasions that indictments and evidence should not make the jury cognizant of any prior convictions beyond those necessary as an element of the offense. See *United States v. Pirovolos*, 844 F.2d 415, 420 (7th Cir.1988), *cert. denied,* —— U.S. ——, 109 S.Ct. 147, 102 L.Ed.2d 119 (1988) ("The trial judge should not have admitted evidence of Pirovolos's prior convictions; the defense's preferred stipulation that Pirovolos has been convicted of a prior felony was sufficient."); *United States v. Lowe*, 860 F.2d 1370, 1381–82 (7th Cir.1988) ("The

---

1. Three elements are needed to prove a violation of this statute: 1) that King possessed the firearm; 2) that the firearm moved in or affected interstate commerce; and 3) that King had a prior felony conviction. In separate documents signed by King and the government, King stipu-

lated to the latter two, leaving the jury to resolve only the question of whether King possessed the firearm. While King stipulated to having committed three prior felonies, he did not agree to allow that document or all the information on it into evidence.

danger inherent in submitting evidence of a defendant's prior convictions to a jury needs little explanation.... [A] jury may be willing to convict a defendant based on the inference that he or she was acting in conformity with past misconduct rather than upon the government's proof beyond a reasonable doubt....").

Accepting the government's confession of error, the next question is whether we can say "with fair assurance, after stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." *Pirovolos,* 844 F.2d at 421 (citations omitted). As we said in *Pirovolos,* we will reverse a conviction only if the error may have had a "substantial influence" on the verdict. *Id.*

■ The *Pirovolos* case presents facts similar to ours. Pirovolos was convicted under the same statute, and three prior felonies were unnecessarily proved.[2] But this court found the error to be harmless for two reasons. First, telling the jurors Pirovolos had been convicted of three prior felonies was not that much more prejudicial than merely telling them he was a convicted felon. Second, the evidence of Pirovolos' guilt was substantial and largely uncontroverted, so that the jury's guilty verdict would likely have been the same even without the prejudicial information.

Employing the *Pirovolos* analysis, and comparing our facts to those in *Pirovolos,* we find the error here to be harmless as well. In *Pirovolos,* the jury was told of the defendant's three prior *armed* robbery convictions. Evidence of prior felony convictions for crimes involving use of a weapon tends to be more prejudicial to a jury deciding the guilt or innocence of a person accused of a weapons offense than evidence of crimes not involving use of a weapon. In our case, King's prior convictions did not involve use of a weapon; the

jury was told King had been convicted of robbery twice and burglary once, as opposed to the armed robbery convictions in *Pirovolos.* So under the first prong of our analysis, which we will call the "degree of prejudice" test, we conclude consistently with *Pirovolos* that "the evidence of [King's] earlier convictions added very little to the case" against him. *Pirovolos,* 844 F.2d at 421. Also consistently with *Pirovolos,* the government did not "stray beyond merely establishing the convictions." *Id.* The government did not suggest that King's prior convictions showed a propensity to commit the crime with which he was charged, nor did it make any reference to the specifics of those crimes. The government merely established that he had been convicted of three prior felonies, and did so in the method it thought necessary to prove this crime. Indeed, because the jury was told that Pirovolos was armed during his robberies, the error considered harmless in *Pirovolos* might have been more prejudicial than the error here.

The second part of the test requires us to examine other evidence of the defendant's guilt. In *Pirovolos,* the only conflicting testimony was presented by the defendant, who asserted self-defense in conflict with six eyewitnesses. In our case, the evidence of King's possession was uncontroverted. Unlike Pirovolos, King did not take the stand. No one testified that King did not possess the gun or possessed it in self-defense. The only evidence supporting King's innocence was provided by the bar owner, who said he overheard King tell officers the gun was not his. This minimal evidence was opposed by the two officers' eyewitness accounts, and the bar owner's testimony that circumstantially pointed to King's possession of the gun. Evidence of King's guilt was at least as substantial as the evidence against Pirovolos.

■ Although evidence of the three prior felony convictions should not have been

---

**2.** The same judge presided in *Pirovolos* as in the case below. He did not have the benefit of our opinion in *Pirovolos* when King was tried, and understandably made the same mistake. He was persuaded by the Fifth Circuit's holding in *United States v. Davis,* 801 F.2d 754 (5th Cir. 1986), that "failure to list the prior convictions in the indictment or to prove them at trial

would preclude conviction." *Pirovolos,* 844 F.2d at 420. See also *United States v. Dougherty,* 895 F.2d 399 (7th Cir.1990) (defendants' argument that sentences were invalid because "three prior convictions are an element of § 1202(a)(1) and must be charged in the indictment and proven to a jury" rejected because of *Pirovolos*).

admitted, we hold that its prejudicial effect was minimal while the evidence of King's possession of the gun was, in the words of the *Pirovolos* court, "more than overwhelming." [3]

### B. Limiting Instructions

■ King challenges the district court's failure to offer limiting instructions at trial and in its jury instructions, and its refusal to allow evidence on why King was being sought by the police. None of these issues, even in combination with the previously discussed evidentiary error, warrants granting King a new trial.

■ We agree with King that limiting instructions were appropriate.[4] We believe a limiting instruction should have been submitted that was not confusing to the jury. The instruction should have emphasized the jury's duty to convict King only by the evidence of possession presented by the government, and without considering his prior convictions as evidence of his propensity to carry weapons. However, in the factual context of this case, any error was harmless. The government never suggested that the jury should use King's prior convictions as evidence of his propensity to commit the crime with which he was charged here. The possibility that the jury would become confused on that issue was the only justification for a limiting instruction; given that the government never made this improper suggestion to the jury, and that the other evidence of King's guilt was substantial, we hold that the failure to give a limiting instruction was not fatal to the government's case.

■ King also sought to introduce evidence that the police were searching for him not because they suspected him of any crime, but because he apparently had been the near-victim of a shooting incident early that morning. King believes the district court's refusal to allow this evidence was

highly prejudicial. We disagree. The district court has wide discretion on evidentiary matters, and the refusal to allow this evidence was not an abuse of that discretion. The only issue was whether King possessed the gun. King's apparent near-victim status in an incident earlier that day was irrelevant to the jury's determination of whether King possessed the gun.

### III. CONCLUSION

The evidence of King's guilt is overwhelming and uncontroverted. We hold that any errors committed by the district court were harmless, and King's conviction for violating 18 U.S.C. § 1202(a)(1), prohibiting felons from possessing firearms, is affirmed.

AFFIRMED.

---

3. 844 F.2d at 421. Error is harmless beyond a reasonable doubt when other evidence of the defendant's guilt is so "overwhelming that 'it would not have likely changed the result of the trial.'" *Dortch v. O'Leary,* 863 F.2d 1337, 1344 (7th Cir.1988), quoting *United States v. Perez-Leon,* 757 F.2d 866, 876 (7th Cir.), *cert. denied,* 474 U.S. 831, 106 S.Ct. 99, 88 L.Ed.2d 80 (1985).

4. *See* Fed.R.Evid. 105. "When evidence which is admissible as to one party for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."