**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Samson K. LLOYD, Defendant–
Appellant.**

**No. 92–10282.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 4, 1992.

Decided Dec. 15, 1992.

Rustam A. Barbee, Asst. Federal Public Defender, Honolulu, HI, for defendant-appellant.

J. Michael Seabright, Asst. U.S. Atty., Honolulu, HI, for plaintiff-appellee.

Before: BROWNING, NORRIS and REINHARDT, Circuit Judges.

PER CURIAM:

A jury found Samson Lloyd guilty on two counts of being a convicted felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Lloyd claims the district court erred in allowing the prosecution to prove three prior felony convictions when only one was necessary. We affirm.[1]

## I.

To establish a violation of 18 U.S.C. § 922(g)(1), the prosecution was required to prove beyond a reasonable doubt that Lloyd had been convicted "of a crime punishable by imprisonment for a term exceeding one year." Lloyd declined to stipulate he was a convicted felon. The prosecution then requested permission to prove several of Lloyd's eight prior felony convictions to protect itself against successful challenges to evidence of particular convictions. The court allowed the prosecution to introduce evidence of three prior convictions because "[w]e don't know what the defense is until after [the prosecution] has rested [its] case." Lloyd renewed his objection when evidence of the convictions was offered, and sought by cross-examination to question the clarity of fingerprints relied upon to connect Lloyd with the convictions.

## II.

If Lloyd had stipulated to being a convicted felon, proof of three prior convictions might have been prejudicial error. *United States v. Lipps,* 659 F.2d 960 (9th Cir.1981) (proof of four prior convictions is error when defendant had stipulated he was a convicted felon); *see also United States v. Dunn,* 946 F.2d 615, 619–20 (9th Cir.1991) (proof at trial of three felony convictions necessary for enhancement of sentence under 18 U.S.C. § 924(e) is unnecessary and possibly prejudicial).[2] Lloyd's refusal to stipulate he was a convicted felon or to disclaim any challenge to prior convictions, however, places this case on a different footing. *See United States v. Timpani,* 665 F.2d 1, 6 (1st Cir.1981) (not error to present proof of two convictions when defendant refuses to stipulate); *United States v. Barfield,* 527 F.2d 858, 860–62 & n. 5 (5th Cir.1976) (prosecution may prove a limited number of felonies if defendant refuses to stipulate).

Lloyd relies on the holding in *United States v. Romero,* 603 F.2d 640 (7th Cir. 1979), that the prosecutor may prove only one prior felony conviction, apparently whether or not the defendant offers to stipulate. The court discounted the possibility of a successful challenge to a prior conviction:

If ... a defendant in a gun prosecution did not object immediately to a prior conviction offered by the government against him, it is unlikely that he would assert later that he was not the person identified in the prior conviction. If eventually he did make such an objection,

---

1. We address Lloyd's three remaining claims—that the district court erred in admitting a statement he made to police officers before his arrest, erred in excluding evidence of a character trait, and failed to correct the prosecution's improper closing argument—in a separate unpublished disposition filed today.

2. Several other circuits have held admission of evidence of more than one conviction may be error if the defendant stipulates to being a convicted felon. *United States v. Yeagin,* 927 F.2d 798 (5th Cir.1991); *United States v. King,* 897 F.2d 911 (7th Cir.1990); *cf. United States v. Poore,* 594 F.2d 39 (4th Cir.1979) (court abused its discretion when it denied a motion to strike portions of the indictment describing the felony after defendant stipulated). Two circuits have held the government may prove more than one prior felony even if the defendant offers to stipulate. *See United States v. Blade,* 811 F.2d 461, 466 (8th Cir.1987); *United States v. Burkhart,* 545 F.2d 14, 15 (6th Cir.1976).

its validity would be suspect and its persuasive impact on a court minimal.

*Id.* at 641. We decline to limit the government to proof of one conviction based on speculation that it is "unlikely" a defendant will challenge a prior conviction after the prosecution rests its case, or that the persuasive impact of such an effort on the jury would be "minimal."

We hold a district court may, in its discretion, allow the prosecution to introduce evidence of more than one felony conviction if the defendant refuses to stipulate. *See United States v. Collamore,* 868 F.2d 24, 29–30 (1st Cir.1989) (government has "no absolute right to introduce more than one felony" even if defendant refuses to stipulate he is a convicted felon, but court "may in its discretion permit evidence of more" than one felony depending on "the circumstances of the case"). We conclude the district court did not abuse its discretion by permitting proof of three out of Lloyd's eight prior felonies when Lloyd refused to stipulate he was a convicted felon or to agree not to challenge the validity of a prior conviction.

Affirmed.