69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Terrence Henry HALE, Defendant-Appellant.
 No. 94-10471.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1995.
Decided Oct. 30, 1995.
 
 Before: FLETCHER, POOLE, and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Defendant Terrence Henry Hale appeals from his jury trial convictions on federal firearms charges. At issue on appeal is whether the district court erred by instructing the jury as a matter of law that violation of California Health and Safety Code Sec. 11378.5 is a felony. We affirm.
 
 I. FACTS AND PRIOR PROCEEDINGS
 
 3
 On five occasions, Hale bought guns from a federally licensed firearms dealer in Tucson, Arizona. On each occasion, Hale completed a federally-required form which asks prospective purchasers whether they have ever been convicted of a felony. If he had answered "yes," he would not have been allowed to purchase the guns. Hale responded "no." However, Hale had previously been convicted of possession of phencyclidene (commonly referred to as PCP) for sale under California Health and Safety Code Sec. 11378.5.[1] This statute provides for three, four, and five year prison terms. Hale served a sentence of 365 days of incarceration.[2]
 
 
 4
 On December 27, 1991, a deputy with the L.A. County Sheriff's Department stopped Hale to cite him for a routine traffic infraction. During the course of the stop, the deputy saw Hale attempting to conceal a gun. The deputy seized the gun. Hale was indicted on six counts under the federal firearms laws. Counts 1, 3, and 5 charged Hale with possession of a firearm by a person previously convicted of a felony in violation of 18 U.S.C. Sec. 922(g)(1). Counts 2, 4, and 6 charged Hale with making false statements in the acquisition of a firearm in violation of 18 U.S.C. Secs. 922(a)(6) and 924(a).
 
 
 5
 Having previously been convicted of a felony is an element of each of the counts. The government submitted to the judge a copy of the text of the version of section 11378.5 of the California Health and Safety Code that was in effect at the time of the defendant's conviction. (This exhibit did not go to the jury.) It then introduced into evidence for the jury's consideration a certified copy of a judgment of conviction against Hale for violation of section 11378.5 and adduced testimony from witnesses who identified Hale as the individual named in the conviction. The judge ruled as a matter of law that conviction under section 11378.5 is a felony. He instructed the jury:
 
 
 6
 You are instructed that a conviction for a violation of Sec. 11378.5 of the California Health and Safety Code for possession of phencyclidine for sale is a felony, punishable by imprisonment for a term exceeding one year.
 
 
 7
 As to the charge on each of the felon-in-possession counts, the judge instructed the jury in respect to the prior conviction as to what the jury must find:
 
 
 8
 In order for the defendant to be found guilty of that charge, the government must prove ... beyond a reasonable doubt ... at the time the defendant possessed the firearm, the defendant had been previously convicted in the state of California, County of Los Angeles, of possession of phencyclidine for sale, and that it was a crime punishable by imprisonment for a term exceeding one year.
 
 
 9
 As to the charge on each of the false-statements counts, the judge instructed the jury as to what it must find:
 
 
 10
 In order for the defendant to be found guilty of that charge, the government must prove ... beyond a reasonable doubt ... in connection with the purchase of [a gun], the defendant knowingly made a false statement or representation that he had not been previously convicted in any court of a crime punishable by imprisonment for a term exceeding one year.
 
 
 11
 The jury convicted Hale of all six counts. On appeal, Hale argues that the judge's instructions removed an element of the offense from the jury's consideration, thereby denying him due process of law under the Fifth Amendment and his right to a jury trial under the Sixth Amendment.
 
 II. JURISDICTION
 
 12
 The district court had subject matter jurisdiction under 18 U.S.C. Sec. 3231. This court has jurisdiction over the district court's final judgment under 28 U.S.C. Sec. 1291.
 
 III. STANDARD OF REVIEW
 
 13
 "[W]hether a jury instruction misstated elements of a statutory crime is a question of law and is reviewed de novo." United States v. Spillone, 879 F.2d 514, 525 (9th Cir.1989), cert. denied, 498 U.S. 864 (1990); see also United States v. Johnson, 956 F.2d 197, 199 (9th Cir.1992). Whether a jury instruction violated due process is also reviewed de novo. United States v. Warren, 25 F.3d 890, 897 (9th Cir.1994).
 
 IV. DISCUSSION
 
 14
 The defendant argues on appeal that "the trial court erred by instructing the jury [that] the defendant had been convicted of a crime punishable by a term of imprisonment exceeding one year." Appellant's Opening Brief at 7. For two reasons, this argument lacks merit. First, the defendant misstates the jury instructions: the judge instructed the jury to determine whether the defendant as a matter of fact had been convicted in California of the possession of phencyclidine for sale, and the only ruling he made as a matter of law was that an offense under section 11378.5 is a felony. Second, whether an offense under section 11378.5 is a felony is a matter of law that the judge properly removed from the jury's deliberations.
 
 
 15
 "The Constitution gives a criminal defendant the right to have a jury determine, beyond a reasonable doubt, his guilt of every element of the crime with which he is charged." United States v. Gaudin, 115 S.Ct. 2310, 2320 (1995); see also Sullivan v. Louisiana, 113 S.Ct. 2078, 2080 (1993); In re Winship, 397 U.S. 358, 364 (1970). However, while the jury is the arbiter of the facts, the judge is the arbiter of the law: "the judge must be permitted to instruct the jury on the law and to insist that the jury follow his instructions." Gaudin, 115 S.Ct. at 2315 (citing Sparf & Hansen v. United States, 156 U.S. 51, 105-06 (1895)). Thus, the jury has a constitutional responsibility "not merely to determine the facts, but to apply the law to those facts and draw the ultimate conclusion of guilt or innocence." Id. at 2316. The district court clearly understood its role and that of the jury. It told the jury what facts it must find and explained the law that it must apply in reaching a verdict.
 
 
 16
 A common element of each of the charges to be proved against Hale was his conviction under section 11378.5. To win its case, the government had to prove this fact to the jury. See United States v. Barker, 1 F.3d 957, 959 (9th Cir.1993) (citing United States v. Lloyd, 981 F.2d 1071, 1072 (9th Cir.1992)), as amended, 20 F.3d 365 (9th Cir.1994). The defendant claims that the trial judge, rather than allowing the jury to decide this fact, instructed the jury that the defendant had been so convicted.
 
 
 17
 This contention is in error. The government introduced into evidence a certified copy of a judgment of conviction against Hale under section 11378.5 and adduced testimony from witnesses who identified Hale as the person named in the conviction. On each charge, the trial judge instructed the jury that they could not find Hale guilty unless they found that he had been convicted in California of possession of phencyclidine for sale. By these instructions, the trial judge required the jury to find the predicate fact.
 
 
 18
 The court, however, reserved unto itself the determination as a matter of law that a conviction under section 11378.5 is a felony. The government submitted to the trial judge a copy of the text of section 11378.5 and argued that the statute was as a matter of law a felony because it provided for punishments in excess of one year. In response, Hale's counsel argued that whether section 11378.5 was a felony was a question of fact for the jury. Hale's counsel noted that although the statute on its face mandated a sentence of at least three years, Hale in fact received a sentence of only one year. He speculated that Hale's conviction may have fallen under an exception to the statute that provided a sentence of one year or less. Counsel argued that the issue of whether Hale was convicted under one of the exceptions was one of fact and should therefore be submitted to the jury. The defendant does not--and could not--argue that the judge interpreted the exceptions to section 11378.5 incorrectly. The exceptions are complete defenses to conviction provided for health care professionals who prescribe certain controlled substances. See, e.g., Cal.Bus. & Prof.Code Secs. 4211, 4227. Hale's conviction could not have fallen under one of these exceptions that immunize or exclude such persons since he adduced not one scintilla of evidence that he was such a person. The trial judge properly rejected the defendant's argument and ruled that an offense under section 11378.5 is a felony and that no exception applied in this case. A question that can be answered solely by examining the statute and does not require an examination of extrinsic facts is a question of law for the judge.
 
 
 19
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The statute states:
 Except as otherwise provided in Article 7 (commencing with Section 4211) of Chapter 9 of Division 2 of the Business and Professions Code, every person who possesses for sale phencyclidine or any analog or precursor of phencyclidine ... shall be punished by imprisonment in the state prison for a period of three, four, or five years.
 Cal. Health & Safety Code Sec. 11378.5 (West 1986).
 
 
 [2]
 The relevant period of time for our purposes is the length of sentence that could be imposed, and not the one year that Hale was actually imprisoned. The instant federal statute refers to underlying convictions "punishable " by imprisonment longer than one year, and not to convictions punished by such imprisonment. See 18 U.S.C. Sec. 922(g)(1)