**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan H. LOMELI, Defendant–Appellant.**

No. 95–2056.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 3, 1996.

Decided Feb. 6, 1996.

Barry Rand Elden, Chief of Appeals, Duane Deskins (argued), Office of the United States Attorney, Criminal Appellate Division, Chicago, IL, for Plaintiff–Appellee.

Kevin E. Milner (argued), Chicago, IL, for Defendant–Appellant.

Before POSNER, Chief Judge, and CUMMINGS and EASTERBROOK, Circuit Judges.

CUMMINGS, Circuit Judge.

Juan Lomeli appeals his conviction for conspiring to sell cocaine and other related charges on the grounds that the district court failed to grant his motion to suppress evidence improperly obtained during an inventory search of his automobile and, second, that the district court improperly denied a mistrial when a government witness mentioned Lomeli's prior drug conviction and referred to him as an aggravated felon.

The facts relevant to the motion to suppress are as follows. On March 15, 1994, officers of the Oak Lawn Police Department in Illinois and the Drug Enforcement Administration ("DEA") were conducting surveillance of two cars: a Buick Regal driven by a confidential informant ("CI") and a Buick Riviera owned by Lomeli and occupied by him and Jesus Perez. The officers hoped to observe Lomeli attempting to obtain five kilograms of cocaine from the CI. Lomeli entered the Regal with the CI and both cars drove away. The officers activated their lights and sirens to stop the Riviera, but before Perez stopped, the officers observed him reach for something in the rear passenger area of the car. Perez then stopped the car and he was arrested by Officer Savik of the Oak Lawn Police. Two other officers pursued the Regal and eventually arrested Lomeli.

Backup officers arrived at the scene where Perez was arrested; those officers took Perez away and Officer Savik was responsible for transporting Lomeli's Riviera to the Oak Lawn Police station. Before doing so, Officer Savik conducted what he called a "visual search" of the car, which consisted only of entering the car and shining his flashlight into the back seat. He then drove the car to the station where he informed the other officers and the CI that he had not seen anything in the car. The CI then told the officers that the car contained secret compartments and demonstrated how to access them. The officers searched the entire car as well as the secret compartments, in which they discovered two 9mm semi-automatic pistols, ammunition, and other weapons paraphernalia.

A federal grand jury returned a five-count indictment against Lomeli on July 11, 1994: he was charged with conspiracy to possess with intent to distribute cocaine, possession with intent to distribute cocaine, use and possession of a firearm during and in relation to a drug-trafficking offense, illegal re-entry of a deported alien (Lomeli) previously convicted of a felony, and being an illegal alien in possession of three firearms. Perez was also charged in the drug conspiracy count. Prior to trial, Lomeli filed a motion to suppress the firearms and other items found in his Riviera at the police station on the grounds that Officer Savik conducted an inventory search at the arrest scene and the officers later conducted a warrantless search at the police station. After conducting an evidentiary hearing, the district court denied Lomeli's motion to suppress after finding that Officer Savik had conducted no more than a protective sweep of the Riviera before driving it to the station and that the search conducted at the station was an inventory search made in accordance with existing regulations.

 Warrantless inventory searches of automobiles in police custody do not violate the Fourth Amendment. *South Dakota v. Opperman,* 428 U.S. 364, 96 S.Ct. 3092, 49 L.Ed.2d 1000 (1976). The inventory search exception to the warrant requirement is premised on an individual's diminished expectation of privacy in an automobile and three important governmental interests in inventorying an automobile: to protect an owner's property while the automobile is in police custody, to ensure against claims of lost, stolen, or damaged property, and to guard the police from danger. *Colorado v. Bertine,* 479 U.S. 367, 372, 107 S.Ct. 738, 741, 93 L.Ed.2d 739 (1987). The police, however, do not have free rein; rather, inventory search procedures must be "sufficiently regulated to satisfy the Fourth Amendment," *Florida v. Wells,* 495 U.S. 1, 5, 110 S.Ct. 1632, 1635, 109 L.Ed.2d 1 (1990), and evidence will be suppressed if uncovered during an inventory search that is not regulated by any police policy. *Id.* at 4–5, 110 S.Ct. at 1635. Requiring sufficient regulation of inventory searches ensures that a police procedure is not merely a pretext for concealing an investigatory police motive. See *Opperman,* 428 U.S. at 376, 96 S.Ct. at 3100. But the fact that an inventory search may also have had an investigatory motive does not invalidate it. See *United States v. Cannon,* 29 F.3d 472, 476 (9th Cir.1994); *United States v. Frank,* 864 F.2d 992, 1001 (3d Cir. 1989), certiorari denied, 490 U.S. 1095, 109 S.Ct. 2442, 104 L.Ed.2d 998.

 The Oak Lawn Police Department has a general order that covers inventory searches. The order states that the "arresting officer ... will make an inspection of the arrestee's vehicle prior to leaving it parked or removed from the scene...." The order requires a search of the entire passenger compartment, the trunk, and all unlocked containers within the vehicle. Given this policy, the scope of the search conducted by the officers, which included secret compartments in the car, is not at issue. The more difficult question is whether the Oak Lawn Police policy is a sufficient regulation of a search that takes place not at the arrest scene, but at the police station. The policy on its face requires a search at the arrest scene, but discretion on the officer's part is permitted even where the policy is clear:

But in forbidding uncanalized discretion to police officers conducting inventory searches, there is no reason to insist that they be conducted in a totally mechanical "all or nothing" fashion.... The allow-

ance of the exercise of judgment based on concerns related to the purposes of an inventory search does not violate the Fourth Amendment.

*Wells,* 495 U.S. at 4, 110 S.Ct. at 1635; see also *United States v. Kordosky,* 921 F.2d 722, 724 (7th Cir.1991), certiorari denied, 502 U.S. 826, 112 S.Ct. 94, 116 L.Ed.2d 66. Thus we may find that the general order sufficiently regulated the search as long as the officer acting thereunder, and perhaps deviating therefrom, exercised discretion relating to the purposes of the inventory search.

■ In this case, Officer Savik testified that he understood that the department's general order allowed him the discretion not to conduct the inventory search at night on a dimly lit street, but instead to conduct a thorough search at the station. This testimony is sufficient to affirm the district court's denial of Lomeli's motion. First, it reveals that Officer Savik's judgment to delay the inventory search was based on concerns related to the purposes of an inventory search. Without enough light to search the car, the officer apparently believed he was at risk of missing some item in the car. Such a failed inventory search would defeat the three purposes of inventorying an automobile listed above. Second, Officer Savik's testimony was convincing to the district judge, who concluded that the search was conducted in accord with existing regulations. We review the denial of a motion to suppress for clear error, giving particular deference to the district court, which had the opportunity to hear testimony and observe the demeanor of witnesses. *United States v. Wilson,* 2 F.3d 226, 229 (7th Cir.1993), certiorari denied, —— U.S. ——, 114 S.Ct. 1615, 128 L.Ed.2d 341; *United States v. Edwards,* 898 F.2d 1273, 1276 (7th Cir.1990). Lomeli presents nothing to this court that casts doubt on Officer Savik's testimony, and certainly nothing to overcome the substantial deference we afford the district judge.

■ Lomeli's second argument on appeal is that the district court erred in denying his motion for a mistrial. Prior to trial, Lomeli filed a Motion in Limine seeking to bar the government from introducing a prior drug conviction at trial. He instead agreed to stipulate to the prior conviction and concede that the government had proven that element of Count Four, which charged Lomeli with re-entry of a deported alien previously convicted of a felony. The court denied the motion, but ordered the government to instruct its witnesses not to mention that the prior conviction was aggravated or drug-related. However, the government's first witness responded to a question by indicating that "the individual was involved with a drug offense." The defense immediately moved for a mistrial, and the court deferred ruling. Then during cross-examination, the same witness mentioned that Lomeli was an "aggravated felon," and defense counsel again moved for a mistrial. The court denied the motion for mistrial, and instead ultimately instructed the jury that the witness was "mistaken" when he indicated that Lomeli's prior felony conviction was aggravated and a drug offense and that the mistakes could be used to assess the witness's credibility.

■ We review a district court's grant or denial of a mistrial for abuse of discretion, and "we assume that the trial judge is in the best position to determine whether an incident was so serious as to warrant a mistrial." *United States v. Humphrey,* 34 F.3d 551, 556 (7th Cir.1994) (quoting *United States v. Canino,* 949 F.2d 928, 937 (7th Cir.1991), certiorari denied, 504 U.S. 910, 112 S.Ct. 1940, 118 L.Ed.2d 546). It is not an abuse of discretion for the trial judge to issue a curative instruction after improper testimony is adduced at trial rather than grant a mistrial, so long as the instruction adequately addresses that aspect of the testimony which was improper or permitted an improper inference. See *United States v. Scott,* 19 F.3d 1238, 1244 (7th Cir.1994), certiorari denied, —— U.S. ——, 115 S.Ct. 163, 130 L.Ed.2d 101. After all, we must presume that juries are capable of both sorting through the evidence and following a court's instructions. *Opper v. United States,* 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101; *United States v. Hanson,* 994 F.2d 403, 408 (7th Cir.1993); *United States v. Williams,* 858 F.2d 1218, 1225 (7th Cir.1988), certiorari denied, 488 U.S. 1010, 109 S.Ct. 796, 102 L.Ed.2d 787 (1989).

We find that the trial judge did not abuse her discretion in refusing a mistrial. The instruction issued to the jury adequately addressed the improper testimony of a government witness regarding the nature of the prior felony as both aggravated and drug-related by informing the jury that the witness had been mistaken. The judge went even further by telling the jury they could use the mistakes to assess the witness's credibility and by redacting the indictment (with the consent of both parties) to delete any reference to a prior drug conviction as an aggravated felony in connection with Lomeli's status as an illegal alien. In addition, the two misstatements at issue here occurred early on the first day of a six-day trial, further mitigating their likely impact on the jurors. It also bears repeating that Lomeli had already stipulated to the prior felony conviction.

Finally, the Government witness's characterizations of Lomeli as having been "involved with a drug offense" and as "an aggravated felon" were contrary to the Government's instructions and the court's pretrial order. To that extent, they actually were "mistaken." More important, the court's admonition to the jury that the witness was "mistaken," while erroneous to the extent that Lomeli really was previously convicted of an aggravated and drug-related felony, was beneficial to Lomeli and therefore harmless error. In using the term "mistaken" the judge may have been referring to the fact that the parties had agreed and the court had ordered that there was to be no testimony about Lomeli's drug offense conviction and that he was an aggravated felon.

Based on the foregoing, we find no abuse of discretion in the trial judge's decision not to grant a mistrial. We pause briefly, though, to mention an issue lurking in this case but absent from the parties' briefs. Our discussion above assumes that the statements regarding the aggravated and drug-related nature of the prior felony were actually "improper." That assumption is based on the trial judge's earlier decision to have the Government instruct its witnesses not to mention those facts rather than any estab-lished doctrine making such statements improper. We find nothing *per se* improper about admitting facts beyond the felonious nature of a prior conviction, even where the element of the relevant criminal count requires no more than that the previous conviction was a felony. Such is the case here regarding Count Four, which charged Lomeli with re-entry of a deported alien previously convicted of a felony. Were such evidence found to be *per se* inadmissible, the trial judge's denial of Lomeli's Motion in Limine would likely have been clear error. On the other hand, we also find nothing *per se* proper about the additional facts regarding the prior conviction, even where proof of the prior conviction is an element of one of the charged offenses. Were such evidence found to be *per se* admissible, there would be no doubt that the trial judge correctly denied a mistrial.DB1[12] Although some of our prior decisions might support a general prohibition of admitting facts beyond those necessary to prove an element of the offense, see *United States v. King*, 897 F.2d 911, 913 (7th Cir.1990), the better rule is to afford the trial judge discretion in determining the admissibility of facts relating to prior convictions where proof of the prior conviction is itself an element of a charged offense. Allowing discretion better reconciles seemingly conflicting results in this Circuit with regard to the prejudicial effect of admitting such facts. Compare *King, supra*, with *United States v. Lowe*, 860 F.2d 1370, 1381–1382 (7th Cir. 1988), certiorari denied, 490 U.S. 1005, 109 S.Ct. 1639, 104 L.Ed.2d 155 (1989); see also *United States v. Lloyd*, 981 F.2d 1071, 1072–1073 & n. 2 (9th Cir.1992) (noting disagreement among Courts of Appeals). In addition, reviewing for abuse of discretion best comports with the Federal Rules of Evidence generally, which allow a district judge the discretion to exclude relevant evidence on the grounds of unfair prejudice, Fed.R.Evid. 403, and to admit or exclude prior convictions for impeachment, Fed.R.Evid. 609(a). Thus we conclude that it is within the trial judge's discretion to admit or exclude evidence such as that which ultimately came out during Lomeli's trial. Accord *United States v. Yannott*, 42 F.3d 999, 1007 (6th Cir.1994) (reviewing for abuse of discretion where trial judge

granted motion in limine precluding government from introducing prior convictions that were an element of the charged crime but where trial judge later permitted the testimony at trial), certiorari denied, —— U.S. ——, 115 S.Ct. 1172, 130 L.Ed.2d 1125 (1995); *Rush v. United States,* 795 F.2d 638 (8th Cir.1986) (reviewing for abuse of discretion where trial judge refused to accept stipulation of prior felonies and instead allowed facts beyond those necessary to prove an element of the crime).

AFFIRMED.