COURT OF APPEALS OF VIRGINIA


Present:  Judges Willis, Elder and Annunziata
Argued at Richmond, Virginia


LEROY THOMAS YOUNG

                              MEMORANDUM OPINION* BY
v.    Record No. 1849-00-2      JUDGE LARRY G. ELDER
                                 NOVEMBER 6, 2001
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF GOOCHLAND COUNTY
F. Ward Harkrader, Jr., Judge

        J. A. Martelino, Jr. (Law Office of Thomas O.
        Bondurant, Jr., P.C., on brief), for
        appellant.

        Susan M. Harris, Assistant Attorney General
        (Mark L. Earley, Attorney General, on brief),
        for appellee.


    Leroy Thomas Young (appellant) appeals from his bench trial

conviction for possession of cocaine.  On appeal, he contends

the trial court erroneously denied his motion to suppress

cocaine seized from his suitcase during an inventory search.  We

hold that any failure to follow sheriff's department guidelines

governing inventory searches did not rise to the level of a

constitutional violation and any evidence that appellant's

suitcase may have been tampered with by civilian personnel was

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

speculative and, thus, insufficient to bar admission of the evidence.  Therefore, we affirm the conviction.[1]

On appeal of a ruling on a motion to suppress, we view the evidence in the light most favorable to the prevailing party. See Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991).  "[W]e are bound by the trial court's findings of historical fact unless 'plainly wrong' or without evidence to support them[,]" McGee v. Commonwealth, 25 Va. App. 193, 198, 487 S.E.2d 259, 261 (1997) (en banc), but we review de novo the trial court's application of defined legal standards to the particular facts of the case, see Ornelas v. United States, 517 U.S. 690, 699, 116 S. Ct. 1657, 1663, 134 L. Ed. 2d 911 (1996).

Warrantless inventory searches of automobiles and any closed containers found therein are reasonable under the Fourth Amendment if conducted pursuant to "standard police procedures." South Dakota v. Opperman, 428 U.S. 364, 372, 96 S. Ct. 3092, 3098-99, 49 L. Ed. 2d 1000 (1976); see Boggs v. Commonwealth, 229 Va. 501, 510-11, 331 S.E.2d 407, 414-15 (1985).  "These [inventory search] procedures developed in response to three distinct needs:  the protection of the owner's property while it

---

[1] Appellant challenges only the trial court's ruling on the motion to suppress.  He does not challenge the sufficiency of the evidence to prove his constructive possession of the cocaine found in his suitcase.

- 2 -

remains in police custody; the protection of the police against claims or disputes over lost or stolen property; and the protection of the police from potential danger."  Opperman, 428 U.S. at 369, 96 S. Ct. at 3097 (citations omitted).

An inventory search conducted pursuant to standard criteria, even a search involving some discretion, is reasonable as long as the police do not "act[] in bad faith for the sole purpose of investigation."  Colorado v. Bertine, 479 U.S. 367, 372, 107 S. Ct. 738, 741, 93 L. Ed. 2d 739 (1987).  "The allowance of the exercise of judgment based on concerns related to the purposes of an inventory search does not violate the Fourth Amendment."  Florida v. Wells, 495 U.S. 1, 4, 110 S. Ct. 1632, 1635, 109 L. Ed. 2d 1 (1990).  The reasonableness of a search "depends upon the facts and circumstances of each case." Cooper v. California, 386 U.S. 58, 59, 87 S. Ct. 788, 790, 17 L. Ed. 2d 730 (1967).

"[T]he exact location of the inventory search is not critical to effectuating [the purposes justifying such a search] . . . ."  State v. Peagler, 668 N.E.2d 489, 501 (Ohio 1996) (citing Bertine, 479 U.S. at 372-73, 107 S. Ct. at 741-42). "Where . . . the seized vehicle will be towed by a private operator to a private impoundment lot, there is good reason for the police to make an inventory search before they relinquish even temporary control over the car," Girardi v. Commonwealth,

221 Va. 459, 464, 270 S.E.2d 743, 746 (1980), but the Constitution does not require it, id. at 463-64, 270 S.E.2d at 746 (noting that inventory searches held valid in various United States and Virginia Supreme Court cases occurred at place of impoundment). An inventory search is reasonable under the Fourth Amendment as long as it is "conducted either contemporaneously with the impoundment or as soon thereafter as would be safe, practical, and satisfactory in light of the objectives for which this exception to the Fourth Amendment warrant requirement was created." Boyd v. State, 542 So. 2d 1276, 1279 (Ala. 1989); see Illinois v. Lafayette, 462 U.S. 640, 646, 103 S. Ct. 2605, 2609, 77 L. Ed. 2d 65 (1983). A search which deviates from the standardized procedures authorizing inventory searches may nevertheless be reasonable if the deviation "relat[es] to the purposes of the inventory search." United States v. Lomeli, 76 F.3d 146, 149 (7th Cir. 1996).

The fact that Corporal Steve Layton used a private towing company to transport appellant's car to the sheriff's department and conducted the inventory search only after the vehicle had been transported did not render the search unreasonable under the Fourth Amendment. A business near the scene of the stop had recently been vandalized, and Corporal Layton testified he believed conducting the search at the sheriff's department would be safer. As in Lomeli, Layton also testified that he would

have had better lighting at the sheriff's department, permitting the inference that conducting the search at that location was more likely to result in an accurate inventory. See id.; see also United States v. Mays, 982 F.2d 319, 320-22 (8th Cir. 1993). In addition, the policy pursuant to which the towing and search occurred required sheriff's department dispatchers "to log a notification on their report whenever a tow service is requested," thereby recording the identity of the only other person or company with access to the property while it was in police custody. Thus, the inventory search Corporal Layton conducted still substantially served the purposes for which it was intended: (1) the protection of the owner's property while it remained in police custody; (2) the protection of the police against claims or disputes over lost or stolen property; and (3) the protection of the police from potential danger. Cf. Bertine, 479 U.S. at 374, 107 S. Ct. at 742 ("[T]he real question is not what 'could have been achieved,' but whether the Fourth Amendment requires such steps." (quoting Lafayette, 462 U.S. at 647, 103 S. Ct. at 2610)).

In the absence of a constitutional violation, the fact that the inventory search actually conducted did not comply precisely with the sheriff's department's procedures for inventory searches did not entitle appellant to suppression of the fruits

of that search.  See, e.g., West v. Commonwealth, 16 Va. App. 679, 692, 432 S.E.2d 730, 738 (1993).

Further, the possibility of tampering which occurred while the vehicle was being towed by a private towing company was speculative only and did not require exclusion of the contents of appellant's suitcase from evidence.

> When the Commonwealth offers testimony concerning the physical or chemical properties of an item in evidence . . . , authentication requires proof of the chain of custody, including "a showing with reasonable certainty that the item [has] not been altered, substituted, or contaminated prior to analysis, in any way that would affect the results of the analysis."

Reedy v. Commonwealth, 9 Va. App. 386, 387-88, 388 S.E.2d 650, 651 (1990) (quoting Washington v. Commonwealth, 228 Va. 535, 550, 323 S.E.2d 577, 587 (1984)).  "Where there is mere speculation that contamination or tampering could have occurred, it is not an abuse of discretion to admit the evidence and let what doubt there may be go to the weight to be given the evidence."  Id. at 391, 388 S.E.2d at 652.

Here, the evidence established with reasonable certainty who had custody of the vehicle containing appellant's suitcase, and the cocaine subsequently discovered therein, at all times after Deputy Trent arrested appellant.  Compare id. at 389-92, 388 S.E.2d at 651-53, with Robinson v. Commonwealth, 212 Va. 136, 137-38, 183 S.E.2d 179, 180-81 (1971).  Corporal Layton

- 6 -

remained at the scene after appellant's arrest and was present at the scene when the tow truck driver took custody of the vehicle. Although Corporal Layton could not remember whether he kept the tow truck in sight on the trip to the sheriff's office, Layton and the tow truck arrived at the sheriff's office within no more than five to ten minutes of each other, thereby all but eliminating the chance for accidental contamination of the contents of the suitcase and also significantly minimizing the opportunity for intentional tampering while the tow truck was en route. See State v. Ciesielski, 247 N.E.2d 321, 325 (Ohio Ct. App. 1964), cited with approval in Reedy, 9 Va. App. at 391, 388 S.E.2d at 652-53. Thus, the trial court did not err in admitting evidence of the cocaine found in appellant's suitcase. Appellant remained free to present at trial his argument that the evidence may have been contaminated or tampered with, but he chose not to do so.

For these reasons, we hold the trial court properly denied appellant's motion to suppress, and we affirm appellant's conviction.

Affirmed.