UNITED STATES of America,
Plaintiff—Appellee,

v.

Joseph S. CORREIA, Defendant—
Appellant.

No. 01–10502.

D.C. No. CR–99–00015–DAE.

United States Court of Appeals,
Ninth Circuit.

Submitted March 14, 2003.*

Decided March 18, 2003.

Before KOZINSKI, GRABER, and
BERZON, Circuit Judges.

MEMORANDUM **

Defendant Joseph S. Correia appeals
from his convictions, after a jury trial, for
conspiracy to distribute, and distribution
of, crystal methamphetamine in violation of
21 U.S.C. §§ 841(a)(1) and 846, and for
violating 18 U.S.C. § 922(g) by possessing
firearms after having been convicted of a
felony. We affirm.

1. The conviction for violating 18
U.S.C. § 922(g) does not violate the Ex
Post Facto Clause because Defendant's il-
legal conduct, the possession of firearms,
occurred long after 18 U.S.C. § 922(g)
took effect. See United States v. Hancock,
231 F.3d 557, 565 (9th Cir.2000) (upholding
a paragraph of § 922(g) against due pro-
cess challenges); United States v. Arzate–

Nunez, 18 F.3d 730, 733 (9th Cir.1994)
(stating test for ex post facto analysis).

2. Evidence of Defendant's 1959 bur-
glary conviction was admissible to prove
his status as a felon, which is an element
the government had to prove under 18
U.S.C. § 922(g), because Defendant re-
fused to stipulate to his status as a felon.
See United States v. Lloyd, 981 F.2d 1071,
1072–73 (9th Cir.1992) (per curiam) (allow-
ing government to prove predicate felonies
under § 922(g)(1) when the defendant re-
fused to stipulate).

3. The prosecutor's closing argument
was not improper. A statement that a
witness' testimony was "uncontradicted" or
"unrefuted" did not, without more, suggest
to the jury that it should draw an adverse
inference from Defendant's failure to testi-
fy.

4. The district court did not clearly err
when it found that Defendant was not
entitled to a downward adjustment for ac-
ceptance of responsibility. See United
States v. Innie, 7 F.3d 840, 848 (9th Cir.
1993).

5. The district court gave individual-
ized oral and written reasons for selecting
a sentence at the middle of the guideline
range, relying on the large quantities of
drugs involved and the extensive profits
Defendant made in his drug-trafficking en-
terprise. Defendant does not challenge
the propriety of the range itself.

6. We decline to address Defendant's
claims of ineffective assistance of counsel
because there is not an adequate record
before us; he may raise them collaterally.

---

* This panel unanimously finds this case suit-
able for decision without oral argument.
Fed. R.App. P. 34(a)(2).

*See United States v. Rewald,* 889 F.2d 836, 859 (9th Cir.1989).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.